UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

CLARA SANTANA

    Plaintiff,

v.

MIKE DAIAGI and
his wife ANNETTE DRAGIF DAIAGI

    Defendants,

_____/

## **COMPLAINT**

COMES NOW the Plaintiff CLARA SANTANA, by and through the undersigned counsel, and hereby sues Defendants MIKE DAIAGI and his wife ANNETTE DRAGIF DAIAGI and alleges:

1. This is an action to recover money damages for unpaid minimum wages under the laws of the United States. Jurisdiction is conferred on the Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. §201-219 (Section 216 (b) for jurisdictional placement).

2. Plaintiff CLARA SANTANA is a resident of Miami-Dade County, Florida, within the jurisdiction of the Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendants MIKE DAIAGI and his wife ANNETTE DRAGIF DAIAGI are Miami Broward County residents who employed Plaintiff CLARA SANTANA as a domestic employee in their private residence.

## GENERAL ALLEGATIONS

4. Defendants MIKE DAIAGI and his wife ANNETTE DRAGIF DAIAGI, employed Plaintiff CLARA SANTANA as a live-in domestic employee to work in their private residence located at 612 Oleander Dr. Hallandale, FL 33009. Around December 2015, the family moved to 2711 South Ocean Drive, Apartment 3602, Hallandale Beach, FL 3309, where Plaintiff continued her employment.

5. Plaintiff worked for Defendants from approximately December 1, 2015 through May 11, 2017 or 75 weeks.

6. At the time of Plaintiff's hiring, Defendants MIKE DAIAGI and his wife ANNETTE DRAGIF DAIAGI, entered into an employment agreement with Plaintiff detailing her wages, working hours per day, and duties.

7. Plaintiff was required to reside at Defendants' private residence, as a condition for employment, and as per the convenience of the employers.

8. Pursuant to the terms of the agreement, Defendants would be providing room and a weekly salary of $450.00, covering 42 hours of work, (From Monday to Friday, from 8:00 AM to 4:00 PM, and on Saturdays from 8:00 AM to 10:00 AM). Meals were not included, Plaintiff had to buy her own food. Plaintiff was not allowed to take any bona fide lunch-time period. Plaintiff was promised to be paid fairly for all her hours worked.

9. At the time that Plaintiff was hired, there was other domestic employee working at Defendants' residence. This domestic employee left shortly after Plaintiff's hiring, and Plaintiff remained working alone.

10. Plaintiff's duties included chauffeuring, housekeeping, cooking, doing the laundry, ironing, gardening, shopping groceries, taking care of six dogs, and multitude of other domestic household tasks.

11. The family used to entertain a lot of guests, and Plaintiff was required to work long hours that never were properly compensated.

12. Regularly, Plaintiff worked from Monday to Friday from 7:00 Am to 8:00 PM; on Saturdays Plaintiff worked from 8:00 AM to 12:00 noon. Plaintiff worked a minimum of 70 (seventy) hours weekly.

13. During the relevant period of employment Plaintiff was paid a salary of $450.00 weekly which intended to cover 42 hours at the rate of $10.71 an hour. However, Plaintiff worked many more hours that were not properly compensated at any rate.

14. Defendants CLARA SANTANA failed to adhere to the terms and conditions of the verbal employment agreement, and requested Plaintiff to work many hours in excess of 42 that never were paid to her.

15. Therefore, Defendants unlawfully failed to pay minimum wages to Plaintiff according to the provision established by the Fair Labor Standards Act.

16. Defendants did not keep any time of time-keeping method to track the hours worked by Plaintiff. Plaintiff was paid in cash, and she was not provided with any paystub detailing her number of hours worked, employment taxes etc.

17. Plaintiff complained at least three times during her last three months of employment. Plaintiff complained about not being paid for all her worked hours.

18. On or about May 9, 2017, Plaintiff was required to perform very heavy janitorial work, Plaintiff complained and asked Mrs. ANNETTE DRAGIF DAIAGI to be paid for all

her hours worked, according to their agreement. Mrs. ANNETTE DRAGIF DAIAGI became very upset and insulted and mistreated Plaintiff.

19. Two days later, on or about Thursday 11, 2017 Defendant ANNETTE DRAGIF DAIAGI fired Plaintiff. Mrs. ANNETTE DRAGIF DAIAGI told Plaintiff that she could not continue working there, because Plaintiff refused to work more hours with the same payment.

20. Plaintiff requested payment for work performed in her last week, and Mrs. ANNETTE DRAGIF DAIAGI became very upset again. Plaintiff called 911, when the police arrived, Mrs. ANNETTE DRAGIF DAIAGI intended to pay Plaintiff on condition of signing some documents. Plaintiff refused to sign any paper. She always was paid in cash, and she did not understand the contents of the document.

21. Plaintiff CLARA SANTANA seeks to recover any unpaid regular and minimum wages accumulated during her relevant time of employment, liquidated damages, retaliatory damages, as well as any other relief as applicable by law.

## COUNT I:
## FEDERAL STATUTORY VIOLATIONS OF THE FLSA'S MINIMUM WAGE PROVISIONS, 29 U.S.C. §206

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 of this complaint as is set out in full herein.

23. This action is brought by Plaintiff CLARA SANTANA to recover from the Employers MIKE DAIAGI and his wife ANNETTE DRAGIF DAIAGI unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

24. At all times relevant to this action, Plaintiff CLARA SANTANA was an employee of Defendants within the meaning of the FLSA 29 U.S.C. §203 (e).

25. At all times relevant to this action, Defendants were Plaintiff's Employers within the meaning of the FLSA 29 U.S.C. §203 (d).

26. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA 29 U.S.C. §203 (g).

27. At all times relevant to this action, Plaintiff was employed as a domestic employee within the meaning of the FLSA 29 U.S.C. §206 (f).

28. Pursuant to 29 USC § 206, (f), 206 § (b), and 206 § (a)(1) at all times relevant to this action, the Employers/Defendants were subjected to the provisions of the FLSA, and the Plaintiff was a covered employee for the purposes of the Act.

29. Specifically, Title 29 U.S.C. §206 (f) states:

    *Employees in domestic service*
    *Any employee—*
    *(1) who in any workweek is employed in domestic service in a household shall be paid wages at a rate not less than the wage rate in effect under subsection (b) of this section unless such employee's compensation for such service would not because of section 209(a)(6) of the Social Security Act [42 U.S.C. 409(a)(6)] constitute wages for the purposes of title II of such Act [42 U.S.C. 401 et seq.], or*
    *(2) who in any workweek—*
    *(A) is employed in domestic service in one or more households, and*
    *(B) is so employed for more than 8 hours in the aggregate,*
    *shall be paid wages for such employment in such workweek at a rate not less than the wage rate in effect under subsection (b) of this section.*

30. Defendants MIKE DAIAGI and his wife ANNETTE DRAGIF DAIAGI, employed Plaintiff CLARA SANTANA as a live-in domestic employee to work in their private residence.

31. Plaintiff worked for Defendants from approximately December 1, 2015 through May 11, 2017 or 75 weeks.

32. Defendants MIKE DAIAGI and his wife ANNETTE DRAGIF DAIAGI, entered into an employment agreement with Plaintiff CLARA SANTANA detailing her wages, working hours per day, and duties.

33. Plaintiff was required to reside at Defendants' private residence, as a condition for employment, and as per the convenience of the employers.

34. Pursuant to the terms of the agreement, Defendants would be providing room and a weekly salary of $450.00, covering 42 hours of work, (From Monday to Friday, from 8:00 AM to 4:00 PM, and on Saturdays from 8:00 AM to 10:00 AM). Meals were not included, Plaintiff had to buy her own food. Plaintiff was not allowed to take any bona fide lunch-time period. Plaintiff was promised to be paid fairly for all her hours worked.

35. Plaintiff's duties included chauffeuring, housekeeping, cooking, doing the laundry, ironing, gardening, shopping groceries, taking care of six dogs, and multitude of other domestic household tasks.

36. Regularly, Plaintiff worked from Monday to Friday from 7:00 Am to 8:00 PM; on Saturdays Plaintiff worked from 8:00 AM to 12:00 noon. Plaintiff worked a minimum of 70 (seventy) hours weekly.

37. During the relevant period of employment Plaintiff was paid a salary of $450.00 weekly which intended to cover 42 hours at the rate of $10.71 an hour. However, Plaintiff worked many hours that were not properly compensated at any rate.

38. The records, if any, concerning the number of hours actually worked by Plaintiff, and the compensation actually paid to her should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain

accurate and complete time records of hours worked by Plaintiff. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

39. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
    *Florida minimum wage for 2015 and 2016 is $8.05; for 2017 is $8.10, which is higher than Federal minimum wage. As per FLSA regulations the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

       Seventeen Thousand Three Hundred Fifty-Five Dollars and 60/100 ($17,355.60)

    b. <u>Calculation of such wages</u>:

       Total relevant weeks of employment: 75 weeks
       Total hours worked: 70 hours weekly
       Total number of hours paid: 42 hours
       Total number of unpaid hours: 28 hours weekly
           Total paid weekly: $450.00: 42 hours = $10.71
           Regular rate: $10.71 an hour

    **i. Calculation minimum wages x 2015 and 2016 = 54 weeks**

       $8.05 FL Min. wage x 28 unpaid hours=$225.40 x 54 weeks=$12,171.60

    **ii. Calculation minimum wages x for 2017 = 21 weeks**

       $8.10 FL Min. wage x 28 unpaid hours=$226.80 x 21 weeks=$4,762.80

    **iii. Calculations for minimum wages last week, or 52 hours**

       $8.10 FL Min. wage x 52 unpaid hours=$421.20

       Total minimum wages i, ii, and iii= $17,355.60

    c. <u>Nature of wages</u>:

       This amount represents unpaid Minimum Wages at Florida rate

40. Plaintiff CLARA SANTANA was not paid minimum wages for the hours and relevant time periods specified above. Therefore, Defendants unlawfully failed to pay minimum wages to Plaintiff. Defendants MIKE DAIAGI and ANNETTE DRAGIF DAIAGI knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff CLARA SANTANA these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff is entitled to recover double damages.

41. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

42. Defendants CLARA SANTANA willfully and intentionally refused to pay Plaintiff CLARA SANTANA minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

43. Plaintiff seeks to recover for minimum wage violations accumulated within her relevant employment.

44. Plaintiff CLARA SANTANA has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff CLARA SANTANA respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff CLARA SANTANA and against the Defendants MIKE

DAIAGI and ANNETTE DRAGIF DAIAGI on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff CLARA SANTANA actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages /liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff CLARA SANTANA demands trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

45. Plaintiff CLARA SANTANA re-adopts each and every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

46. At all times relevant to this action, Plaintiff CLARA SANTANA was an employee of Defendants within the meaning of the FLSA 29 U.S.C. §203 (e).

47. At all times relevant to this action, Defendants were Plaintiff's Employers within the meaning of the FLSA 29 U.S.C. §203 (d).

48. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA 29 U.S.C. §203 (g).

49. At all times relevant to this action, Plaintiff was employed as a domestic employee within the meaning of the FLSA 29 U.S.C. §206 (f).

50. Pursuant to 29 USC § 206, (f), 206 § (b), and 206 § (a)(1) at all times relevant to this action, the Employers/Defendants were subjected to the provisions of the FLSA, and the Plaintiff was a covered employee for the purposes of the Act.

51. Specifically, Title 29 U.S.C. § 207 (l) states:

    **(l) Employment in domestic service in one or more households**
    No employer shall employ any employee in domestic service in one or more households for a workweek longer than forty hours unless such employee receives compensation for such employment in accordance with subsection (a) of this section.

52. Title 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for her employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

53. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

54. Defendants MIKE DAIAGI and his wife ANNETTE DRAGIF DAIAGI, employed Plaintiff CLARA SANTANA as a live-in domestic employee to work in their private residence.

55. Plaintiff worked for Defendants from approximately December 1, 2015 through May 11, 2017 or 75 weeks.

56. Defendants MIKE DAIAGI and his wife ANNETTE DRAGIF DAIAGI, entered into an employment agreement with Plaintiff CLARA SANTANA detailing her wages, working hours per day, and duties.

57. Plaintiff was required to reside at Defendants' private residence, as a condition for employment, and as per the convenience of the employers.

58. Pursuant to the terms of the agreement, Defendants would be providing room and a weekly salary of $450.00, covering 42 hours of work.

59. Plaintiff's duties included chauffeuring, housekeeping, cooking, doing the laundry, ironing, gardening, shopping groceries, taking care of six dogs, and multitude of other domestic household tasks.

60. Regularly, Plaintiff worked from Monday to Friday from 7:00 Am to 8:00 PM; on Saturdays Plaintiff worked from 8:00 AM to 12:00 noon. Plaintiff worked a minimum of 70 (seventy) hours weekly.

61. During the relevant period of employment Plaintiff was paid a salary of $450.00 weekly which intended to cover 42 hours at the rate of $10.71 an hour. However, Plaintiff worked many more hours that were not properly compensated at any rate.

62. Therefore, Defendants unlawfully failed to pay minimum wages to Plaintiff as established by Title 29 U.S.C. §206 (f).

63. Plaintiff complained at least three times during her last three months of employment. Plaintiff requested to be paid for all her worked hours.

64. These complaints constituted protected activity under the FLSA.

65. On or about May 9, 2017, Plaintiff was required to perform very heavy janitorial work, Plaintiff one more time complained and asked Mrs. ANNETTE DRAGIF DAIAGI to

be paid for all her hours worked, according to their agreement. Mrs. ANNETTE DRAGIF DAIAGI became very upset and insulted and mistreated Plaintiff.

66. As consequence of Plaintiff's complaints, two days later, on or about Thursday 11, 2017, Defendant ANNETTE DRAGIF DAIAGI fired Plaintiff. Mrs. ANNETTE DRAGIF DAIAGI told Plaintiff that she could not continue working there, because Plaintiff refused to work more hours with the same payment.

67. Plaintiff requested her payment check for her last week, but Mrs. ANNETTE DRAGIF DAIAGI became angry. Plaintiff called 911, when the police arrived, Mrs. ANNETTE DRAGIF DAIAGI intended to pay Plaintiff on condition that she would sign some documents. Plaintiff refused to sign any paper. She always was paid in cash, and she did not understand the contents of the document. Plaintiff left the residence without her paycheck.

68. At the time of her termination, Plaintiff performed and excelled at the essential functions of her position. There was no other reason than retaliation to fire her.

69. Furthermore, there is closed proximity between Plaintiff's last protected activity and her termination.

70. Defendants willfully and maliciously retaliated against Plaintiff CLARA SANTANA by firing her.

71. The motivating factor which caused Plaintiff CLARA SANTANA to be fired as described above was her complaint seeking regular wages from the Defendants. In other words, Plaintiff would not have been fired but for her complaints about unpaid wages.

72. The Defendants' adverse action against Plaintiff CLARA SANTANA was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

73. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff CLARA SANTANA respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants MIKE DAIAGI and ANNETTE DRAGIF DAIAGI that Plaintiff CLARA SANTANA recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants MIKE DAIAGI and ANNETTE DRAGIF DAIAGI to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff CLARA SANTANA further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff CLARA SANTANA, demands trial by jury of all issues triable as of right by jury.

Dated: May 22, 2017                               Respectfully submitted,

                                              By: **/s/ Zandro E. Palma**
                                              ZANDRO E. PALMA, P.A.
                                              Florida Bar No.: 0024031
                                              9100 S. Dadeland Blvd.
                                              Suite 1500
                                              Miami, FL 33156
                                              Telephone: (305) 446-1500
                                              Facsimile: (305) 446-1502
                                              zep@thepalmalawgroup.com
                                              *Attorney for Plaintiff*